ALAMANCE HOME BUILDERS ASSOCIATION v. RALPH M. HOLT.

(Filed 5 April, 1933.)

APPEAL by plaintiff from *Barnhill, J.,* at November Term, 1932, of ALAMANCE. Affirmed.

*Cooper A. Hall, J. Dolph Long and M. C. Terrell for appellant.*
*D. J. Walker for appellee.*

PER CURIAM. On 2 November, 1926, the defendant executed to the plaintiff his promissory note for $1,750 and secured its payment by a deed of trust on real estate. It is alleged that default was made in payment, that the land was sold, that the proceeds were applied on the note, and that there is a remainder due, to recover which the present action was brought. The defendant denied that he had made default, alleged that he had conveyed the mortgaged land to the plaintiff's agent in payment of the debt, and that as to himself the note had been paid and fully satisfied.

The cause was referred, the referee made his report, and exceptions were filed. The report contains the following findings of fact: "The said Ralph M. Holt accordingly made monthly payments upon said note until 25 February, 1927, whereupon the records introduced in evidence of the plaintiff company disclose that thereupon said indebtedness was transferred to the account of Arnold Holt, a brother of the defendant, Ralph M. Holt; that the said Arnold Holt made payments thereon through August, 1930, and that the balance due on said note in December, 1930, was fourteen hundred twenty-nine dollars thirty-nine cents ($1,429.39); that some years afterwards, the exact date is not in evidence, the said property was foreclosed under said Ralph M. Holt deed of trust and purchased by the Alamance Home Builders Association at the price of one hundred dollars ($100), which has been duly credited upon said indebtedness less cost of said sale, and that the balance due upon said note and indebtedness is thirteen hundred fifty-three dollars and seventy-nine cents ($1,353.79), with interest thereon until paid. From the evidence and the testimony of Ralph M. Holt and his brother, Arnold Holt, it is found as a fact that Ralph M. Holt had a conversation with W. E. Sharpe, who was an officer of said Alamance Home Builders Association, whereby it was understood that the said Ralph M. Holt would deed the said property to the Alamance Home Builders Association in full settlement of said indebtedness; that in accordance with said agreement so testified to by said Ralph M. Holt, he delivered his old deed to Mr. Sharpe and at a later date he signed a paper-writing which purported to be a deed at the instance of George Sharpe, brother of W. E. Sharpe, but it is not in evidence to whom the deed was made, nor anything concerning the contents of the deed, and it is not in evidence that George Sharpe was an agent of the Alamance Home Builders Association."

The trial court concluded as a matter of law that the conduct of the plaintiff in transferring the account to Arnold Holt, and in receiving pay from Arnold Holt, and in failing to make demand upon Ralph M. Holt, and in other conduct disclosed by the evidence constituted a ratification of the agreement between R. M. Holt and the plaintiff and

of the agreement between the plaintiff and Arnold Holt on the other hand, and that said transfer constituted a novation of said debt, making the said Arnold Holt the principal and only debtor of the plaintiff on said note.

If it be granted that there is no sufficient evidence of technical novation, the findings of fact nevertheless support the conclusion of law that Ralph M. Holt was released from his obligation to the plaintiff and to this extent the judgment is affirmed. In this view of the case any alleged failure of proof in the execution of a deed by the defendant would not be controlling. We find no reversible error in the other exceptions.

Affirmed.